IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

FEBRUARY 2000 SESSION

FILED

March 17, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **NO. E1999-00274-CCA-R3-CD** |
| | ) | |
| Appellee, | ) | |
| | ) | **BLOUNT COUNTY** |
| **V.** | ) | |
| | ) | |
| | ) | **HON. D. KELLY THOMAS, JR.** |
| **DOUGLAS BRYAN BORUFF,** | ) | |
| | ) | |
| Appellant. | ) | **(CHILD RAPE )** |

## CONCURRING OPINION

While I concur with Judge Riley's opinion, I write separately to point out that I disagree with Judge Witt's concurring opinion wherein he states that aggravated sexual battery and sexual battery are lesser-included offenses of rape of a child under the "part (a)" test of State v. Burns, 6 S.W.3d 453 (Tenn. 1999). In Burns, the supreme court noted that since sexual battery (and I note also aggravated sexual battery) requires proof that the unlawful touching be for the purpose of "sexual arousal or gratification," Tenn. Code Ann. §§ 39-13-501(6); 39-13-504; 39-13-505 (1997), it contains an additional element that does not exist in rape. Burns, 6 S.W.3d at 466. Rape of a child, as defined in section 39-13-522, also does not require proof that the unlawful contact be for sexual arousal or gratification. Therefore, I feel that under Burns, sexual battery and aggravated sexual battery would be a lesser-included offense of rape of a child pursuant to the "part (b)" test.

Furthermore, I think it prudent to note that in the event the trial court in this case had charged aggravated sexual battery or sexual battery as lesser-included offenses, which would have been error under our ruling in this case, and the jury had convicted the defendant of either aggravated sexual battery or sexual battery, that the erroneous instruction to the jury and the resultant conviction of the lesser-included offense would have been harmless error and would not require a reversal. In State v. Bolin, 922 S.W.2d 870, 875 (Tenn. 1996), our supreme court relied upon State v. Mellons, 557 S.W.2d 497, 499 (Tenn. 1977); Reagan v. State, 155 Tenn. 397, 293 S.W. 755 (1927); and Craig v. State, 524 S.W.2d 504, 506 (Tenn. Crim. App. 1974), and held:

> It is well-settled that when a jury is instructed as to a lesser-included offense of that charge in the indictment, a conviction of the lesser-included offense may stand, even if the technical requirements of that offense are not present, if the evidence supports the greater offense.

Bolin, 922 S.W.2d at 875.

_____
THOMAS T. WOODALL, Judge